**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Jose TORRES–LUCIO,
Defendant–Appellant.**

No. 04–40875.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Cesar A. Amador, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Juan Jose Torres–Lucio appeals from his guilty-plea conviction for illegal reentry

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be    published and is not precedent except under

following deportation. For the first time on appeal, Torres–Lucio contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As Torres–Lucio concedes, his argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000).

 Citing *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005), Torres–Lucio argues, also for the first time on appeal, that the district court erred in sentencing him under a mandatory sentencing guidelines scheme. He acknowledges that this argument is reviewed for plain error. Nevertheless, Torres–Lucio contends that he does not have to show that the district court's error affected his substantial rights because the error is structural and because prejudice should be presumed.

Plain error is the correct standard of review. *See United States v. Malveaux*, 411 F.3d 558, 560 (5th Cir.2005), *cert. denied* — U.S. ——, — S.Ct. ——, — L.Ed.2d ——, 2005 WL 1670813 (2005). The district court committed error that is plain when it sentenced Torres–Lucio under a mandatory sentencing guidelines regime. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.2005), *cert. denied* — U.S. ——, — S.Ct. ——, — L.Ed.2d ——, 2005 WL 1811485 (2005); *United States v. Martinez–Lugo*, 411 F.3d 597, 600 (5th Cir.2005). Torres–Lucio's arguments that application of the mandatory guidelines scheme is a "structural" error that is not susceptible to plain-error analysis or, alternatively, that plain-error prejudice should be presumed, lack

the limited circumstances set forth in 5TH CIR.

merit. *See Martinez–Lugo*, 411 F.3d at 601. Torres–Lucio fails to meet his burden of showing that the district court's error affected his substantial rights. *See Valenzeuela–Quevedo*, 407 F.3d at 733–34; *see also United States v. Bringier*, 405 F.3d 310, 317 & n. 4 (5th Cir.2005), *cert. denied* — U.S. ——, — S.Ct. ——, — L.Ed.2d ——, 2005 WL 1801192 (2005).

AFFIRMED.